# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-878V
### Filed: August 29, 2024

| | |
|---|---|
| JERRY L. BAILEY,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | Special Master Horner |

*Curtis R. Webb, Curtis R. Webb Attorney at Law, Monmouth, OR, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On July 17, 2020, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.* (2012),[2] (the "Vaccine Act").  (ECF No. 1.)  Petitioner alleged that he suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") caused-in-fact by a diphtheria, tetanus, and acellular pertussis ("DTaP") vaccination.  (*Id.*)  On November 30, 2023, the undersigned issued a decision awarding compensation based on the parties' stipulation.  (ECF No. 52.)  On January 5, 2024, petitioner filed a final motion for attorneys' fees and costs.  (ECF No. 59.)   Petitioner requests a total of $53,240.53 for attorneys' fees and costs, including $52,495.05 for attorneys' fees and $745.48 for costs.  (*Id.* at 2.)

      On January 7, 2024, respondent filed a response to petitioner's motion.  (ECF No. 61.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

requires respondent to file a response to a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent requests that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 59 (Exs. A-B).)  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $53,240.53[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Curtis R. Webb, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Daniel Horner</u>
Daniel Horner
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, including "advanced costs" as well as fees for legal services rendered.  Furthermore, § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.